**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 7937 SONG THRUSH TRUST, | Case No.: 2:18-cv-02184-APG-BNW |
| Plaintiff | **Order for Supplemental Briefs** |
| v. | |
| THE BANK OF NEW YORK MELLON, et al., | |
| Defendants | |

Defendant The Bank of New York Mellon (BONY) removed this case on November 13, 2018 on the basis of diversity jurisdiction. ECF No. 1. BONY states in its removal petition that it believes the plaintiff is a citizen of Nevada and California. *Id.* at 4. BONY alleges that it is a citizen of New York. *Id.* BONY states that defendants Seaside Trustee, Inc. and Andrew Beroud are Nevada citizens, which ordinarily would destroy diversity jurisdiction. *Id.* But BONY argues these defendants were fraudulently joined because Beroud died many years ago so he cannot claim an interest in the property and because Seaside is the trustee under the deed of trust and claims no interest in the property. *Id.* at 4-5. BONY thus contends these defendants should not be considered for diversity purposes.

In January 2020, I ordered plaintiff 7937 Song Thrush Trust (Trust) to respond to the notice of removal so that I could determine whether subject matter jurisdiction exists in this case. Trust responded to my order and also moved to remand this case, arguing that Seaside and Beroud were not fraudulently joined and therefore diversity jurisdiction is lacking.

A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have diversity

jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

"Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotation and alteration omitted). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation omitted). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" *Grancare, LLC*, 889 F.3d at 548 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quotation and emphasis omitted). A defendant invoking fraudulent joinder bears a "heavy burden" because there is a "general presumption against [finding] fraudulent joinder." *Id.* (quotation omitted).

**A. Seaside**

Trust argues that Seaside is not fraudulently joined because "it is not uncommon to name the foreclosure trustee in these types of quiet title actions." ECF No. 17 at 3. Trust also contends that Seaside might be liable for its acts and omissions as a trustee. BONY responds that Seaside

claims no interest in the property and so is not a proper party to the declaratory relief and quiet title claims in the complaint.

The complaint seeks declaratory relief under Nevada Revised Statutes § 40.010 and to quiet title. ECF No. 1-7. Trust does not explain how its declaratory relief and quiet title claims are proper against Seaside. Seaside, as trustee under the deed of trust, does not claim an interest in the property. The mere fact that other plaintiffs in similar cases have named the deed of trust trustee does not show that Trust can establish a declaratory relief or quiet title claim against Seaside. Because Seaside does not claim an interest in the property merely by virtue of being the trustee under the deed of trust, it is not a proper party to Trust's claims. *See* Nev. Rev. Stat. § 40.010 ("An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.").

As for Trust's argument that Seaside might be liable for its acts and omissions as a trustee, Trust does not assert any claims against Seaside for any of Seaside's acts or omissions. Seaside thus has been fraudulently joined, so I do not consider its citizenship for diversity jurisdiction purposes.

**B. Beroud**

Trust argues that Beroud is not a sham defendant because he was the prior homeowner so he is needed for Trust to obtain a declaration that he no longer has an interest in the property. Trust acknowledges that Beroud is deceased and requests that it be allowed to amend to name Beroud's estate. BONY notes that Trust never sought to amend to substitute Beroud's estate even though it has known about Beroud's death at least as of BONY's November 2018 removal petition.

3

1    Trust did not formally move to amend and did not attach a proposed amended complaint

2 to its response.  I therefore direct Trust to file a supplemental brief that must attach a proposed

3 amended complaint and that must address the jurisdictional facts of Beroud's estate and how that

4 affects diversity jurisdiction.  BONY may file a responsive supplemental brief, but it should not

5 repeat any arguments already contained in its earlier response (ECF No. 20).

6    **C.  Abstention**

7    Trust argues I should abstain from resolving this matter under *Burford v. Sun Oil Co.*,

8 319 U.S. 315 (1943).  BONY contends there is no basis for abstention.

9    "District courts have an obligation and a duty to decide cases properly before them, and

10 [a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *City of*

11 *Tucson v. U.S. W. Commc'ns, Inc.*, 284 F.3d 1128, 1132 (9th Cir. 2002) (quotation omitted).

12 However, "*Burford* abstention allows a federal district court to abstain from exercising

13 jurisdiction if the case presents difficult questions of state law bearing on policy problems of

14 substantial public import whose importance transcends the result in the case then at bar, or if

15 decisions in a federal forum would be disruptive of state efforts to establish a coherent policy

16 with respect to a matter of substantial public concern." *Id.* (quotation omitted).

17    There is no basis for *Burford* abstention.  This federal district court has adjudicated

18 numerous similar cases.  There is nothing unique about this case that would warrant abstention.

19    **D.  Fees**

20    Trust argues it should be awarded fees for BONY's improper removal of this action.

21 BONY contends there is no basis for fees because removal was proper.

22    Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just

23 costs and any actual expenses, including attorney fees, incurred as a result of the removal."

1  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where

2  the removing party lacked an objectively reasonable basis for seeking removal. Conversely,

3  when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital*

4  *Corp.*, 546 U.S. 132, 141 (2005).

5     Even if I ultimately decide to remand this matter, I deny the request for fees. BONY's

6  removal was objectively reasonable even if it is ultimately incorrect.

7  **II. CONCLUSION**

8     I THEREFORE ORDER that by **March 10, 2020**, plaintiff 7937 Song Thrush Trust shall

9  file a supplemental brief that (1) attaches a proposed amended complaint and (2) sets forth the

10 jurisdictional facts of Beroud's estate and explains how that affects diversity jurisdiction.

11    I FURTHER ORDER that by March 17, 2020, defendant The Bank of New York Mellon

12 may file a supplemental response brief but that does not repeat any arguments already contained

13 in its earlier response.

14    DATED this 3rd day of March, 2020.

15

16
       ANDREW P. GORDON
17     UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

5