# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| 7937 SONG THRUSH TRUST,<br><br>　　　Plaintiff<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>　　　Defendants | Case No.: 2:18-cv-02184-APG-BNW<br><br>**Order Denying Motion to Remand and Granting Motion to Dismiss**<br><br>(ECF Nos. 10, 19) |

　　　Defendant The Bank of New York Mellon (BONY) removed this case on the basis of diversity jurisdiction. ECF No. 1. I ordered plaintiff 7937 Song Thrush Trust (Trust) to respond to the notice of removal so that I could determine whether subject matter jurisdiction exists in this case. Trust responded to my order and also moved to remand this case, arguing that two of the defendants were not fraudulently joined and therefore diversity jurisdiction was lacking. As discussed below, diversity jurisdiction exists, so I deny Trust's motion to remand.

　　　BONY moves to dismiss, arguing Trust's claims are precluded by a prior action and are also barred by the statute of limitations. Trust responds that the prior action has no impact on its rights because it was never properly served in that action. Trust also argues its claims are timely because it filed this complaint within six months after BONY, through its trustee defendant Seaside Trustee, Inc. (Seaside), recorded a notice of breach and election to sell under the deed of trust. I grant BONY's motion because Trust's claims are precluded by the prior action between these parties.

/ / / /

/ / / /

## I. SUBJECT MATTER JURISDICTION

I previously ruled that Seaside was fraudulently joined, so I do not consider its citizenship for diversity jurisdiction purposes. ECF No. 22. I ordered the parties to submit additional briefs on whether Andre Beroud's estate should be substituted as a defendant and what impact that would have on diversity jurisdiction. *Id.*

Trust argues that it should be allowed to substitute Beroud's estate for Beroud. And it argues that because the estate and its administrators are not diverse from Trust, diversity jurisdiction would not exist and remand would be required. ECF No. 24 at 5. BONY responds that the estate was administered and has been closed since 2014, so it is not a proper party. BONY also argues that any claims against the estate had to be pursued within one year of the estate being opened and Trust is well beyond that deadline. BONY therefore contends that amending to substitute the estate is futile and Beroud's estate also would be a sham defendant.

Exclusive jurisdiction over the settlement of Beroud's estate lies in the state court in the county in which Beroud resided at the time of his death. Nev. Rev. Stat. § 136.010. "After that court has closed probate, a creditor seeking to assert claims against the estate must petition that court to re-open probate." *Klier v. Estate of Paskvan*, No. 2:09-cv-00865-RLH-GWF, 2009 WL 10693630, at *1 (D. Nev. Sept. 1, 2009) (citing Nev. Rev. Stat. § 151.250).

Beroud's estate was closed on December 4, 2014. ECF No. 1-6 at 26-27. Trust has not petitioned the state court to reopen Beroud's estate, and the time to assert a claim against the estate has long since passed. *See* Nev. Rev. Stat. § 11.310(2). Moreover, Trust need not fear that the estate may come forward at some point to assert a quiet title claim because any such claim would be time-barred for the estate or anyone claiming through the estate. *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, 232 (Nev. 2017)

(holding a five-year limitation period applies to a quiet title action "beginning from the time the plaintiff or the plaintiff's ancestor, predecessor or grantor was seized or possessed of the premises in question"). Accordingly, allowing Trust to substitute the estate would not change anything.

Beroud and his estate are sham defendants because Trust has no claim against them under settled rules of Nevada law. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). I therefore ignore their citizenship for diversity purposes. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Because Trust and BONY are diverse, diversity jurisdiction exists. Consequently, I deny Trust's motion to remand.

## II. MOTION TO DISMISS

BONY argues Trust's claims are precluded because BONY already obtained a judgment against Trust regarding the validity of the deed of trust in another case in this district, *The Bank of New York Mellon v. Beroud, et al.*, 2:17-cv-01056-GMN-CWH (*BONY I*). Alternatively, BONY argues Trust's claims are time-barred. Trust responds that the prior judgment has no effect because Trust was not properly served in that action. It also argues its claims are timely because it did not learn of *BONY I* until BONY recorded a notice of sale related to the deed of trust.

The doctrine of claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation and quotation omitted). In contrast, the doctrine of issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (citation and quotation omitted).

The preclusive effect of a federal court judgment is determined by federal common law. *Id.* at 891. However, "[f]or judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.* at 891 n.4. The complaint in *BONY I* states that jurisdiction is based on diversity. *BONY I*, ECF No. 1 at 2. I therefore look to Nevada preclusion law.

Under Nevada law, for issue preclusion to apply: "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (en banc) (quotation and internal footnote omitted). The party seeking to assert issue preclusion against another party bears the burden of proving the prior judgment's preclusive effect. *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 718 (Nev. 2009) (en banc).

Issue preclusion bars Trust's claims in this case. *BONY I* was based on the same dispute over the effect of the October 2013 HOA foreclosure sale on the deed of trust encumbering the property located at 7937 Song Thrush Street. *Compare* ECF No. 1-7 *with BONY I*, ECF No. 1. Judge Navarro's ruling in *BONY I* was on the merits and is final. *BONY I*, ECF No. 46. Trust was a named party to that litigation and judgment was entered against it. *BONY I*, ECF No. 48. Finally, the issue of the HOA sale's effect was actually and necessarily litigated because Judge Navarro ruled that the HOA sale did not extinguish the deed of trust. *BONY I*, ECF No. 46.

Trust argues it should not be precluded because it was not properly served in *BONY I*. However, that issue is itself precluded because Trust raised it in the prior action and Judge Navarro ruled against Trust. Trust moved to set aside the judgment in *BONY I*, arguing that it

4

had not been properly served. *BONY I*, ECF No. 54. Judge Navarro denied that motion, holding that BONY had established "prima facie evidence of valid service, (ECF No. 11), [so] the burden is on the Trust to come forward with strong and convincing evidence satisfying the Court that service was improper. The Trust has not done so." *BONY I*, ECF No. 58 at 3.

Trust's claims thus are issue precluded. Consequently, I grant BONY's motion to dismiss. However, I do not intend this dismissal to have any effect on the pending motion for relief from judgment in *BONY I*. *BONY I*, ECF No. 61. Resolution of that motion is a matter for Judge Navarro to decide.

### III. CONCLUSION

I THEREFORE ORDER that plaintiff 7937 Song Thrush Trust's motion to remand **(ECF No. 19) is DENIED**.

I FURTHER ORDER that defendants Seaside Trustee, Inc. and The Bank Of New York Mellon's motion to dismiss **(ECF No. 10) is GRANTED**. The clerk of court is instructed to (1) dismiss defendants Andre Beroud and Seaside Trustee, Inc. as fraudulently joined, (2) enter judgment in favor of defendant The Bank of New York Mellon and against plaintiff 7937 Song Thrush Trust, and (3) close this case.

DATED this 19th day of March, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE